NO. 07-08-0365-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 29, 2009

______________________________

ABRAHAM MORENO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242
nd
 DISTRICT COURT OF CASTRO COUNTY;

NO. B 17634-0805; HONORABLE ED SELF, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Following a plea of not guilty, Appellant, Abraham Moreno, was convicted by a jury of possession of cocaine and sentenced to five years confinement.  
In presenting this appeal, counsel has filed an 
Anders
(footnote: 1) brief in support of a motion to withdraw.  We grant counsel’s motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal.  
Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); 
In re Schulman
, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008)
. 
 Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.
  
See
 
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that he has complied with the requirements of 
Anders
 and 
In re Schulman
 by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review
.  
In re Schulman
, 
252 S.W.3d at
 408.
(footnote: 2)  By letter, this Court granted Appellant thirty days in which to exercise his right to file a response to counsel’s 
brief, should he be so inclined.  
Id. 
at 409 n.23.  Appellant
 
did not file a
 
response. Neither did the State favor us with a brief.

By the 
Anders
 brief, counsel raises a potential issue of legal and factual sufficiency of the evidence.  He then concludes after a review of all the evidence that under the appropriate standards of review, reversal is not required.  

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal.  
See
 
Penson v. Ohio
, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); 
In re Schulman
, 252 S.W.3d at 409;
 Stafford
 
v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such issues.  
See Gainous v. State
, 436 S.W.2d 137 (Tex.Crim.App. 1969).  After reviewing the record and counsel’s brief, we agree with counsel that there are no plausible grounds for appeal. 
 
See
 
Bledsoe v. State
, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court’s judgment is affirmed. 

Patrick A. Pirtle

      Justice

   

Do not publish.

FOOTNOTES
1:
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2:
Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the 
Trial Court’s Certification of Defendant’s Right of Appeal
, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review.
  
In re Schulman
, at 408 n.22 & at 411 n.35.